IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYANT A. GARDNER,<br><br>               Plaintiff,<br><br>vs.<br><br>JAMES R. COE, Nebraska Workers Compensation Administrative Law Judge, Official capacity; TIMOTHY E. CLARKE, Attorney, Baylor, Evnen. LLC., Individual capacity; RICHARD RENSCH LAW, Attorney/Trustee, Individual capacity; and PATRICK E. MCNAMARA, attorney, Individual capacity;<br><br>               Defendants. | 8:19CV521<br><br>MEMORANDUM AND ORDER |

       Plaintiff Bryant A. Gardner ("Plaintiff" or "Gardner") filed his Complaint on November 26, 2019. (Filing 1.) He has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). In conducting this initial review, the court will consider Plaintiff's Request for Injunction (filing 6), which has been docketed as a motion, as supplemental to the original Complaint. *See* NECivR 15.1.

### I. SUMMARY OF COMPLAINT

       Gardner brings this action against James R. Coe ("Judge Coe"), a Nebraska Worker's Compensation Court judge, in his official capacity, and attorneys Timothy E. Clarke ("Clarke"),[1] Richard Rensch ("Rensch"), and Patrick E.

---

[1] Clarke is also referred to as "Timothy Clark" in the Complaint.

McNamara ("McNamara"),[2] in their individual capacities, seeking redress pursuant to 42 U.S.C. § 1983.[3] Gardner claims violations of his rights under the "Civil Rights Act, Tort Claims Act, Equal Protection Clause, Negligence as a tort to deprive, Social Security Fraud Title II, American Disability Act of 1990," as well as the Due Process Clause. (Filing 1 at CM/ECF p. 4; Filing 6 at CM/ECF p. 3.)

Gardner alleges he "is a black American male who suffered a traumatic brain injury in an accident arising . . . in the course and scope of his employment on April 16, 2009, while he was employed by International Paper Destruction & Recycling as a class A truck driver." (Filing 1 at CM/ECF p. 5.)[4] Gardner alleges he entered into a "bad faith contingent fee contract" with Rensch on June 1, 2009, whereby Rensch agreed to pursue Gardner's claim against his employer, International Paper. (*Id.*; Filing 6 at CM/ECF p. 8.) Gardner was eventually awarded workers' compensation benefits, including a "Further Award" entered on August 8, 2014 in which Gardner was determined to be totally and permanently disabled based on Gardner's "traumatic brain cognitive/psychological disorder." (Filing 1 at CM/ECF pp. 5, 13, 29.) Gardner alleges Rensch did not provide any "legal service" in obtaining the Further Award related to the "preexisting condition traumatic brain injury," but Judge Coe has allowed Rensch to wrongfully collect attorney fees from Gardner's workers compensation award. (*Id.* at CM/ECF pp. 5–6, 29.)

---

[2] McNamara is also referred to as "Patrick E. McNamare" and "Patrick E. McNamer" in the Complaint.

[3] Gardner checked the box on the Pro Se 15 Form Complaint for Violation of Civil Rights (Non-Prisoner) indicating that he was also bringing suit against Federal officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). (Filing 1 at CM/ECF p. 3.) However, it is clear *Bivens* is inapplicable as Gardner does not seek relief against any federal government officials. *See Carpenter's Produce v. Arnold*, 189 F.3d 686, 687 (8th Cir. 1999) (*Bivens* actions are implied causes of action for damages against federal government officials in their individual capacities for constitutional violations).

[4] Spelling, capitalization, and punctuation corrected throughout this order.

2

> Gardner further alleges:
>
> Judge Coe & Richard Rensch & [counsel for] Employer Timothy Clark are acting "under color of state [law"] to deprive and oppress Mr. Gardner and his family. In Gardner v. International Paper Destruction & Recycl. Cite as 291 Neb. 415, Gardner was awarded over one million plus dollar in loss of earning income, and around three million plus for medical expenses awarded. Rensch and Judge Coe executed a false record of contract perform in which is binding and have a devastating effect on Gardner['s] accusations. . . . Judge Coe is allowing for the employer [counsel] Timothy Clark not to settle claim or pay for hardly any benefits of the Further Award of Aug. 8, 2014 saving the Employer revenue. The Employer and Judge Coe & Rensch is [sic] making Mr. Gardner use medicare for treatment of his injuries [and] is [sic] refusing to pay for out-of-pocket expense for medical drug prescription since the day of the accident April 16, 2009 until this present day Oct. 2019. Judge Coe & Rensch is allowing for the Employer to delay weekly benefits paychecks. Judge Coe allowed for Rensch to become the trustee of Mr. Gardner's trust account in which is over 1 million dollars plus to hold up, to delay and/or deny Mr. Gardner [a] substantial amount [of] benefits awarded. Judge Coe allows Rensch to misappropriate funds and embezzle[] substantial amount[s] of money from Mr. Gardner['s] trust account and medical expense account.

(*Id.* at CM/ECF p. 6.) Gardner claims "the Employer attorney Timothy Clark, Judge Coe, [and] Rensch . . . are all Defendants from a Caucasian European Descendants Race who [are in] COLLUSION with one another to unlawful[ly] protect their monetary interest and to deny Mr. Gardner his Constitutional Right to seek relief for his injuries." (*Id.* at CM/ECF p. 5.)

With respect to the relief requested, Gardner seeks the following:

> A. Mr. Gardner would like for this High Court to do an analysis on monetary damages . . . , includ[ing] the amounts of actual damages and/or punitive damages claimed for the acts alleged due to the fact

3

that Mr. Gardner is at a great disadvantage due to the fact that Mr. Gardner don't know the law or procedure to estimate such events.

B. Mr. Gardner would like for to settle workers' compensation claim. Mr. Gardner believe he should receive around $1,043,477 for loss of earning wage. In addition have Rensch return all of unreasonable fees in the amount of $129,044.38.

C. Mr. Gardner would like for this court to allow Mr. Gardner to terminate the attorney-client relationship and remove the lien Rensch place on Mr. Gardner unlawfully.

D. Have investigation into all workers compensation court cases reviewed that involves Timothy Clark, Judge Coe & Rensch for this is a crime against the public.

(*Id*. at CM/ECF p. 32.) Additionally, in his Request for Injunction, Gardner asks for the following relief:

(1) First we pray that this High Court terminate Richard Rensch as attorney on record for Mr. Gardner; (2) examine the contract to see if it is structured to attain wealth illegally; (3) declare the contract [null and] void due to its illegal contents; (4) Rensch has been paid over the disability rate of 45% at 300 [per] week for, neck and back, for that was the section of the claim Rensch defended; (5) order the Employer to pay out of pocket medical expense from date of the accident 4/16/09 with the Court interest attached; (6) allow Mr. Gardner to settle his worker's compensation claim at maximum rate; (7) retain recompense for intentional infliction of emotional distress for loss, injury, or suffering family have to endure due to this great negligence; (9) [sic] in regard to amounts of any damages claimed for acts alleged the basis for these amounts should be determined by this High Court for this High Court is the right venue to determine punitive money damages or exemplary damages.

(Filing 6 at CM/ECF p. 5.)

4

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

As an initial matter, the court notes that Gardner has previously brought an action in this court against Rensch's law firm and Judge Coe raising similar claims of conspiracy to violate Gardner's civil rights arising out of the workers' compensation court proceedings and the alleged bad faith attorney fee agreement. *See Gardner v. Rensch & Rensch Law, et al.*, 8:18CV71 (D. Neb.). As in the

5

present case, Gardner sought to remove Rensch from the workers' compensation proceedings and to recover attorney fees and expenses related to the litigation. The court dismissed Gardner's previous action without prejudice because the court determined it lacked jurisdiction to review the state court proceedings or grant the relief Gardner sought based on the *Rooker-Feldman* doctrine. (Filing 6, Case No. 8:18CV71.) Upon consideration of Gardner's present Complaint, the court reaches the same conclusion and will dismiss this matter without prejudice.

### A. *Rooker-Feldman* Doctrine

As stated in his Complaint, "[a]ll of Mr. Gardner's allegations resulted [from] proceedings in Nebraska Workers' Compensation Court where Judge Coe was presiding authority." (Filing 1 at CM/ECF p. 5.) Gardner's complaints relate to the construction and application of the fee agreement between Gardner and Rensch and the allegedly wrongful denial of workers' compensation benefits which Gardner is owed. However, these are all issues addressed by the state workers' compensation court, some of which have been upheld on appeal by the Nebraska Court of Appeals. *See Gardner v. Int'l Paper, Destruction & Recycling*, No. A-17-184, 2018 WL 1596441 (Neb. Ct. App. Feb. 6, 2018). This court cannot intervene in Gardner's dispute with the state courts.

The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. In short, the "*Rooker-Feldman* doctrine" bars this court from correcting or altering a state court judgment, and no declaratory or injunctive relief is available in this court to do so. Importantly, *Rooker-Feldman* bars "straightforward appeals" as well as "more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000), implied overruling on other grounds

recognized by *Shelby Cnty. Health Care Corp. v. Southern Farm Bureau Cas. Ins. Co.*, 855 F.3d 836, 841 (8th Cir. 2017). Thus, where a "federal claim succeeds only to the extent that the state court wrongly decided the issue before it," the claim is barred by *Rooker-Feldman* because it is "inextricably intertwined with specific claims already adjudicated in state court." *Lemonds*, 222 F.3d at 492–93 (internal quotation omitted); *see also Gisslen v. City of Crystal, Minn.*, 345 F.3d 624, 627 (8th Cir. 2003) ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues . . . are inextricably intertwined.") (internal quotation omitted).

The court cannot grant the relief Gardner seeks without questioning the validity of the judgments of the Nebraska Workers' Compensation Court and the Nebraska Court of Appeals. Under the *Rooker-Feldman* doctrine, the court does not have jurisdiction to review the state court proceedings or grant the relief Gardner seeks. Accordingly, the court will dismiss this case for lack of subject matter jurisdiction. In the alternative, Gardner's claims against the Defendants are subject to dismissal for other reasons identified below.

**B. Claims against Attorneys**

Liberally construed, Gardner asserts claims under 42 U.S.C. § 1983 against Rensch, Clarke, and McNamara in their individual capacities. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Rensch, Clarke, and McNamara are clearly private attorneys involved in Gardner's workers' compensation proceedings. Rensch represented Gardner in his workers' compensation court action, at least until Gardner became unhappy with the representation, and Clarke represented Gardner's employer, International Paper. Gardner alleged he hired McNamara on July 26, 2018 "to represent and

7

protect Mr. Gardner['s] interest in said workers' compensation court" but that the representation ended in September 2018 when McNamara "took Mr. Gardner['s] retainer fee in the amount of $2,500 and resign[ed]." (Filing 1 at CM/ECF p. 31.)

To succeed on a § 1983 claim, a plaintiff must demonstrate that the defendant acted under color of state law. 42 U.S.C. § 1983; *West*, 487 U.S. 42, 49-50 (1988). The conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law. *See DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). However, a § 1983 claim may be brought against a private individual if he conspires with a state actor to deprive a person of his constitutional rights. *Id.* Here, Gardner has alleged no facts from which an inference can be drawn that Judge Coe participated in a civil conspiracy or agreement with Rensch, Clarke, and/or McNamara to injure Gardner by unlawful action. Rather, the Complaint indicates only Gardner's dissatisfaction with his attorneys' representation, Clarke's representation of his employer, and Judge Coe's rulings regarding the fee agreement and benefit payments, and his conclusory allegations of a conspiracy between the Defendants are insufficient to state a claim under 42 U.S.C. § 1983. *See Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (per curium) (complaint subject to dismissal if allegations of conspiracy are inadequate; plaintiff must allege facts suggesting mutual understanding between defendants or meeting of minds); *Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988) ("The principal elements of conspiracy are an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage. A plaintiff must allege with sufficient particularity and demonstrate with specific material facts that the parties reached some agreement and conspired together to deprive plaintiff of a federal right.") (internal citation and quotation marks omitted).

## C. Claims Against Judge Coe

Gardner sues Judge Coe in his official capacity. As a workers' compensation court judge within the Nebraska Judicial Branch, Judge Coe is a state official, and

Plaintiff's official-capacity claims are claims against the state. *See Tisdell v. Crow Wing Cty.*, No. CIV. 13-2531 PJS/LIB, 2014 WL 1757929, at *7 (D. Minn. Apr. 30, 2014) (official-capacity claims against state court judge are claims against state). The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). A state's sovereign immunity extends to public officials sued in their official capacities as "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535.

There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, to the extent Gardner seeks damages from Judge Coe in his official capacity, his claims are barred by sovereign immunity.

To the extent Gardner seeks equitable relief against the workers' compensation court judge, such claims are barred under the doctrine of judicial immunity. A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). "[A] judge will not be deprived of immunity because

9

the action he took was in error . . . or was in excess of his authority." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (internal quotation omitted).

It is clear from the Complaint's allegations that neither of the two exceptions to judicial immunity apply here. Gardner complains only that Judge Coe has wrongly decided issues relating to the award of certain legal fees to Rensch and to the payment of certain benefits to Gardner. There are no facts from which the court can infer that Judge Coe's actions were nonjudicial or that they were taken in absence of all jurisdiction.

In addition, § 1983 "precludes injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Hoffman v. Ferguson*, No. CIV. 09-5052, 2009 WL 1606736, at *2 (W.D. Ark. June 5, 2009) (quoting 42 U.S.C. § 1983). Here, Gardner does not allege that either of the prerequisites for injunctive relief are met. *See id.* (dismissing claims for injunctive relief against state magistrate judge because plaintiff failed to allege that a declaratory decree was violated or that declaratory relief was unavailable). Moreover, as the court stated above, the equitable relief Gardner seeks is precluded by the *Rooker-Feldman* doctrine.

## IV. CONCLUSION

The court has carefully considered the allegations of the Complaint and Request for Injunction, giving them the liberal construction afforded to pro se pleadings. Upon consideration, the court concludes Gardner's Complaint is subject to dismissal because this court does not have jurisdiction to review the state court proceedings or grant the relief Gardner seeks. In the alternative, Gardner's Complaint should be dismissed because it fails to state a claim upon which relief may be granted and/or seeks relief from Defendants who are immune from such relief.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing 1) is dismissed without prejudice.

2. A separate judgment will be entered.

3. Plaintiff's Request for Injunction (filing 6), docketed as a motion, is denied as moot.

Dated this 22nd day of July, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge